**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ROBERT L. MIHAILOVICH,** ) | |
|     **Defendant-Petitioner,** ) | |
| ) | |
| **vs.** ) | **No. 3:05-CR-0067-N (BF)** |
| ) | **No. 3:06-CV-1569-N (BF)** |
| **UNITED STATES OF AMERICA** ) | |
|     **Plaintiff-Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court , this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge follow:

**FINDINGS AND CONCLUSIONS**

Robert L. Mihailovich ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On April 12, 2005, Movant pled guilty to a one-count information, charging him with mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 1342. On August 29, 2005, Movant was sentenced to 21 months' imprisonment and a three-year term of supervised release. Additionally, Movant was ordered to pay restitution in the amount of $197,446.12 and a $50,000 fine. Movant did not appeal. His § 2255 motion was timely filed on August 28, 2006.

## STATEMENT OF THE CLAIMS

Movant alleges that his guilty plea was involuntary and that he was denied the effective assistance of counsel. Movant asks for an evidentiary hearing based on these claims.

## EXAMINATION OF THE CLAIMS

### Involuntary Guilty Plea

Because Movant pled guilty, he may only challenge the voluntary character of his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam). Absent supporting evidence in

the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

1. **Movant's allegation that his guilty plea was not voluntary because counsel coerced or misled Movant into pleading guilty.**

Movant contends that his guilty plea was unknowing and involuntary because of counsel's coercion. He claims that had it not been for this coercion he would have gone to trial. In his plea agreement, Movant acknowledged that (1) the maximum penalty to which he was pleading was five years' imprisonment, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victims, full restitution, and three years' supervised release; (2) the Court would set the sentence after considering the sentencing guidelines; (3) the sentence imposed was solely in the discretion of the court; (4) no one could predict the sentence with certainty; (5) he would not be allowed to withdraw his plea if the sentence was higher then expected; (6) his plea was not the result of forces, threats or promises apart from those in the plea agreement; (7) no one had made any promises or guarantees as to the sentence the Court was imposing; and (8) he was fully satisfied with his counsel's legal representation. (Plea Agreemnt. at 1-4.)

At his arraignment, Movant testified that he understood that he should never depend on any promises or statements made by anyone pertaining to his sentence. (Arr. Tr. at 10.) He also indicated that his guilty plea was not procured through pressure, threats, or coercion of any kind. (*Id.* at 10.) He further testified that he was satisfied with his counsel and that he fully understood the range of punishment he could receive. (*Id.* at 18, 21.)

Movant contends that counsel coerced him to plead guilty by telling him that his entire

3

family could be charged with conspiracy to evade income taxes and that he could be charged with additional crimes as well. (Movant's Mem. at 13-14.)  Movant does not provide evidence that these statements were in fact made, and further, even if they were, that they were actually false or misleading.  Movant expressed his desire to keep his family members from being prosecuted throughout plea negotiations.  (App. at 7-8.)  Nothing in the record indicates that if these statements were made, they were actually false.

Movant also alleges that counsel coerced him to plead guilty by telling him that the Court could not go outside the plea agreement. (Mem. at 15.)  He does not explain how the Court went outside of the plea agreement.   There is nothing in the record that reflects that Movant's guilty plea was the product of coercion or misleading statements by counsel.  As such, the Court finds that Movant has not met his burden to show that his guilty plea was unknowing and involuntary.  Accordingly, Movant's § 2255 motion should be denied.  Alternatively, Movant's ineffective assistance of counsel claims are without merit and should be denied.

### Ineffective Assistance of Counsel

The Sixth Amendment of the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  *U.S. CONST., art. VI.*  To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a movant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense.  *Strickland v. Washington,* 466 U.S. 668, 691 (1984).  In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.  *Id.* at 689.  A movant's failure to establish either

prong of the *Strickland* test requires the court to find that counsel's performance was not constitutionally ineffective; hence courts are free to review ineffective assistance claims in any order and need not address both the "deficient" and "prejudice" prongs if one component is found lacking. *Id.* at 697. The prejudice prong of the *Strickland* test requires the petitioner to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. A petitioner claiming ineffective assistance must prove that the challenged conduct of his counsel rendered the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993) (citing *Strickland,* 466 U.S. at 687). Courts are required to consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695.

**1.     Movant's allegation that his counsel had a conflict of interest with other clients**

Movant claims that counsel had a conflict of interest because he represented both Movant and other members of Movant's family at the same time. Movant contends that he was prejudiced by this multi-party representation, and counsel therefore did not put Movant's best interests first.

To prove a claim of conflict of interest, a movant must establish that an actual conflict adversely affected his counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). "An actual conflict exists when an attorney represents two clients whose interests in the outcome of the matter are different." *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996).

Movant has failed to show that his interest in the case actually conflicted with that of

5

another client.  Movant claims that the contract he signed with counsel provided for representation of other family members as well as himself.  Upon review of the contract, the document states that counsel "will represent the client's family as necessary."  (App. at 4).  Nothing in the record indicates that counsel actually represented other members of Movant's family.  Further, Movant fails to show that counsel did not pursue plausible strategies or tactics on his behalf.  Movant also fails to present evidence that his sentence probably would have been different had he been represented by separate counsel.  Movant has failed to show an actual conflict of interest with regard to this particular claim.

**2.      Movant's allegation that his counsel had a conflict of interest with his counsel's self-interest**

Movant claims that counsel's self-interest conflicted with his representation.  (Mem. at 10-11.)  He claims that counsel denied him defense strategies and placed his own interests ahead of Movant's.  (Mem. at 10-11.)  He specifically contends that counsel (1) knew the FBI agent on the case; (2) has just resigned as an Assistant United States Attorney; (3) previously worked with the case agent; (4) went into private practice in order to run for state judge; and (5) allegedly was recommended by the case agent.  (Mem. at 7-11.)

Allegations of conflict of interest stemming from self interest are governed by *Strickland*.  Movant's allegations fail to show that any of these factors caused counsel to engage in deficient conduct.  The fact that counsel was a former Assistant United States Attorney does not mean that his conduct in this case was inappropriate.  The conclusory allegations made by Movant simply have no merit and are insufficient to raise cognizable claims of ineffective assistance of counsel.  *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Strickland*, 466 U.S. at 690, 693-94.

**3.      Movant's allegation that his counsel failed to personally interview witnesses**

Movant claims that counsel failed to investigate the facts of his case, failed to interview witnesses, failed to explain available defenses, and failed to explain all of his options. Any allegations of counsel's failure to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. " *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000), (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Movant fails to identify any witness that counsel should have interviewed and fails to explain what information each witness would have provided. (Mem. at 18-19.) Movant's allegations are conclusory, and he fails to explain how an investigation would have resulted in a different outcome. Conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller*, 200 F.3d at 282; *Strickland,* 466 U.S. at 690, 693-94. Accordingly, this claim should be denied.

**4.     Movant's allegation that his counsel failed to subject the case to any meaningful adversarial testing**

Movant asserts that counsel failed to subject the case to any meaningful adversarial testing. *See United States v. Cronic*, 466 U.S. 648, 659 (1984). He further contends that counsel did not fairly and adequately apprise him of the elements of the offense, sentencing risks, and consequences of a guilty plea. (Mem. at 25.) The record indicates that the investigation raised issues of mail fraud, wire fraud, money laundering, and tax offenses. (App. at 7.) The investigation also included Movant's wife. (App. at 8.) Counsel negotiated a plea agreement in which only Movant would be charged with a single count of mail fraud. The agreement resulted in a three level reduction in Movant's offense level. Based on this agreement, Movant faced a maximum sentence below the original guideline sentence.

Counsel also submitted a sentencing memorandum in which he attempted to persuade the Court to sentence Movant to the low end of the guideline range. (App. at 11.) He also filed a supplemental sentencing memorandum in which he argued that a large fine would not be necessary to accomplish sentencing objectives. *Cronic* requires that efforts be made by counsel, not that these efforts be successful. The record indicates that counsel did in fact subject the case to meaningful adversarial testing under the *Strickland* standard.

Movant also claims that counsel failed to adequately apprise him of the elements of the offense, or the sentencing risks. The record indicates that this is a frivolous claim. As has been addressed previously, Movant clearly understood his guilty plea and the risks involved. For the foregoing reasons, the Court finds that Movant has failed to meet his burden to show that counsel engaged in deficient conduct or that he was prejudiced.

**5.   Movant's allegation that his Counsel failed to ensure Movant's sentence was based on accurate information**

Movant contends that counsel failed to ensure that his sentencing was based on accurate information. (Mem. at 26-28.) He does not show that the Court used any inaccurate information to determine his sentence. Movant's allegations are conclusory and cannot support a claim of ineffective assistance of counsel. All of Movant's ineffective assistance of counsel claims should be denied.

**Motion For An Evidentiary Hearing**

Movant requests an evidentiary hearing based on his assertion that there are factual disputes which, if resolved in his favor, would warrant relief. An evidentiary hearing is not necessary on a claim of ineffective assistance of counsel if the Court can conclude that, as a

matter of law, the movant has failed to establish either of the elements required by *Strickland*. Mere conclusory allegations are not sufficient to support a request for an evidentiary hearing. *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980).  In the case at hand, Movant has failed to establish deficient conduct and resulting prejudice on each of his claims of ineffective assistance of counsel.  Based on the foregoing, Movant's request for an evidentiary hearing should be denied.

## RECOMMENDATION

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.  The Court also recommends that Movant's Motion for an Evidentiary Hearing be denied.

SIGNED, January 8, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND** <br> **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).