IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 3:05-CR-67-N |
| | § | |
| | § | |
| ROBERT L. MIHAILOVICH | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's Order dated May 3, 2012 (Doc. 157), Defendant's Motions to Clarify, Expand or Dismiss Counsel (Doc. 151), Motion to Quash Warrant and Vacate for Lack of Jurisdiction (Doc. 152), Motion for Emergency Medications (Doc. 154), and Motion to Withdraw Plea Agreement, have all been referred to undersigned United State Magistrate Judge for findings and recommendation. After reviewing the motions, the responses of the government, and the applicable law, it is recommended that the Motion to Withdraw Plea Agreement be **DISMISSED**, and the remaining motions be **DENIED**.

### BACKGROUND

On March 25, 2005, Defendant waived indictment and pled guilty to a one-count information charging him with mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. (Docs. 1, 4, 9, 11). On August 29, 2005, Defendant was sentenced 21 months' imprisonment and a three-year term of supervised release, and was ordered to pay a $100 mandatory special assessment, a $50,000 fine, and $197,446.12 in restitution to the victims of his offense.

Subsequently, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was denied by the Court on February 2, 2007. (Docs. 33, 66, 67). Defendant appealed to the Court of Appeals for the Fifth Circuit. (Doc. 68). The appeal was

subsequently dismissed for want of prosecution, however.  (Doc. 74).

On June 24, 2010, a violator's warrant for arrest was issued by the Court upon the probation officer's filing of a *Petition for Offender Under Supervision* seeking to revoke Defendant's term of supervised release.  (Docs. 78, 79).  The Petition alleged that Defendant violated a mandatory condition that he "not commit another federal, state, or local crime" by committing "wire fraud, on or about April 2, 2008, in violation of 18 USC § 1343."  *Id.* at 1.  A supplemental petition was filed on August 25, 2010, alleging additional violations.  (Doc. 90).

A revocation hearing was held on February 7, 2011.  The Court revoked Defendant's term of supervised release and sentenced him to 10 months' confinement, followed by a 24-month term of supervised release.  (Doc. 126).  Defendant appealed the revocation order to the Court of Appeals for the Fifth Circuit.  (Doc. 128).  On March 30, 2011, the Court granted Defendant's request for release pending appeal.  (Doc. 134).  Subsequently, the appeal was dismissed and Defendant was arrested by border patrol agents in Laredo, Texas, on yet another violator's warrant.  (Docs.140-141).  Following his transfer to this district, the Court revoked Defendant's bond and ordered him to begin serving the ten-month sentence of imprisonment imposed on February 7, 2011.  (Docs. 141, 153).  Thereafter, Defendant filed the *pro se* motions now under consideration.

## ANALYSIS

**1.      Defendant's Motions to Clarify, Expand, or Dismiss Counsel**

Defendant contends that he is "constrained" in his legal pursuits because he is represented by counsel, and requests the Court "to appoint [sic] attorney as Standby counsel to Pro-Se, or to clarify, modify, or expand counsel's authority, or to dismiss Defendant's public defender and

allow Defendant to proceed pro-se." (Doc. 151 at 1-2). The government does not oppose the motion (Doc. 161). **As the docket reveals that nothing more is pending in this case, it is recommended that the motion (Doc. 151) be GRANTED IN PART, that the appointment of the Federal Public Defender be terminated and the docket of this case so reflect.**

2.  **Motion to Quash Warrant and Vacate for Lack of Jurisdiction**

Defendant argues that his supervised release term began on April 6, 2007, when he was first released from FCI Seagoville, and not June 27, 2007, as calculated by the Bureau of Prisons. (Doc. 152 at 1-2). He contends that, consequently, his term of supervised released expired three years following the earlier release date; thus, the Court lacked the authority to issue a violator's arrest warrant for him on June 24, 2010 (Docs. 78-79), as his term of supervised release had already expired. (Doc. 152, *passim*).

The government counters that Defendant's release from prison to home confinement on April 6, 2007, was not his release from imprisonment that triggered the commencement of his term of supervised release. (Doc. 160 at 2-3). *See* 18 U.S.C. § 3624(e) (defendants term of supervised release begins on the day he is "released from prison"). As the government correctly notes 18 U.S.C. § 3624 allows for prerelease custody of home confinement during the final months of a defendant's prison term in order to "help the prisoner adjust to and prepare for reentry into society." 18 U.S.C. § 3624(c). By the statute's plain language, such "prerelease" is not tantamount to the release from imprisonment that starts the defendant's term of supervised release, however. Defendant offers no authority for his argument to the contrary. **Thus, it is recommended that the motion (Doc. 152) be DENIED**.

**3.    Motion for Emergency Medications**

Defendant avers that following his release from hospitalization for hypertension resulting in blindness, BOP officials were provided with a prescription for medication to be administered to him daily. (Doc. 154 at 1). He claims he was refused the medication, however, for the next four days, culminating in the filing of his motion. (Doc. 154 at 2). He seeks an "order instructing the Seagoville prison to perscribe [*sic*] and follow the hospital doctors written prescription immediately together with an order to monitor and bring under control inmates [*sic*] chronic hypertension." *Id*.

The government correctly notes that several months have passed since Defendant's "emergency" motion was filed on January 26, 2012, and since that time Defendant has been moved from Seagoville FCI. (Doc. 158). In his reply, Defendant concedes that the circumstances giving rise to his motion have indeed changed, but now requests new relief relating to another medical condition, stating that he "continues to seek assistance from the court if it is within the jurisdiction of the court to offer aid." (Doc. 164 at 1-2).

**Because Defendant concedes that the issue raised in his motion is now moot, it is recommended that the motion (Doc. 154) be DENIED.**

**4.    Motion to Withdraw Plea Agreement**

Defendant moves, under Rule 60 of the Federal Rules of Civil Procedure, to withdraw his Plea Agreement, claiming that it was involuntarily and unintelligently entered into. (Doc. 156 at 1-2). He apparently chose a Rule 60 motion as a vehicle for vitiating his guilty plea and, thus, his conviction, because it "has no statute of limitation" and "would not be properly filed nor should it be construed as a §2255 [motion]." (Doc. 156 at 1). Contrary to Defendant's inartful attempt

to avoid the untimeliness of his motion and the prohibition on filing successive section 2255 motions, Civil Rule 60[1] "simply does not provide for a relief from judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). "A criminal conviction can be attacked by motion under 28 USC § 2255, but only for errors of constitutional dimension." *Id.*

Defendant's Rule 60 motion, when liberally construed[2], alleges an error of constitutional dimension -- namely that his guilty plea was involuntary. **Construing Defendant's Rule 60 motion as a section 2255 motion, the Court should dismiss the same for want of jurisdiction because Defendant has not received prior authorization to file a successive section 2255 motion.**[3] See 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B) (providing that second or successive motion filed by person attacking a sentence under section 2255 must be certified by panel of appropriate court of appeals before it can be heard in district court); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding section 2244(b)(3)(A) constitutes bar to district court's jurisdiction to consider successive habeas petition/motion unless court of appeals has granted permission to file such petition/motion). Such a dismissal, however, is without prejudice to Defendant's right to file a motion for leave to file a second or successive section 2255 motion in

---

[1] Rule 60 governs relief from final judgment in the event of, *inter alia*, mistake, excusable neglect, surprise, fraud, misrepresentation, misconduct by an opposing party, newly discovered evidence, void judgment, and "any other reason that justifies relief." FED. R. CIV. P. 60(b)

[2] The Court must liberally construe the pleadings of a pro se litigant. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] The Court has twice denied section 2255 motions filed by Defendant. *See* (Docs 33, 60, 66); case numbers 3:06-CV-1569-N and 3:12-CV-934-N.

the United States Court of Appeals for the Fifth Circuit under section 2244(b)(3)(A).[4]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's Motion to Withdraw Plea Agreement (Doc. 156), construed as a motion under 28 U.S.C. § 2255, be **DISMISSED** without prejudice for want of jurisdiction because Defendant has not received prior authorization to file a successive section 2255 motion, that Defendant's Motions to Clarify, Expand or Dismiss Counsel (Doc. 151) be **GRANTED IN PART** and that the appointment of the Federal Public Defender be terminated, and that Defendant's Motion to Quash Warrant and Vacate for Lack of Jurisdiction and his Motion for Emergency Medications (Doc. 152, 154) be **DENIED**.

For indexing purposes, the District Court should order the Clerk of the Court to **OPEN** a new civil action (nature of suit 510, directly assigned to the same District Judge and Magistrate Judge as the criminal case) and to **CLOSE** the same on the basis of the District Court's order.

SIGNED June 11, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] To obtain the requested authorization to file a successive section 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                   _____
                    RENÉE HARRIS TOLIVER
                    UNITED STATES MAGISTRATE JUDGE